UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

MARY A. PARR and
WILLIAM PARR,

Plaintiffs,

v.

UNITED HEALTHCARE INSURANCE COMPNAY,

Defendant.

Case No.: ________________

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**

---

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN AND PLAINTIFFS, MARY A. PARR AND WILLIAM PARR, AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Defendant, UnitedHealthcare Insurance Company ("UHIC" or "Defendant"), hereby removes to this Court the action described below.

1. On or about October 8, 2026, an action was filed styled *Mary A. Parr and William Parr, Plaintiffs, v. United Healthcare Insurance Company, Defendant*, in the State of Wisconsin, Waukesha County Circuit Court. A true and correct copy of all documents filed with the State of Wisconsin, Waukesha County Circuit Court are attached hereto as **Exhibit 1**.

2. UHIC was served with a copy of the Summons and Complaint no earlier than October 16, 2026.

3. UHIC is the only Defendant named in the Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it has been filed

within thirty (30) days of the receipt of the Summons and Complaint by the first-served Defendant.

## PARTIES

4. UHIC is informed and believes that Plaintiffs, Mary A. Parr and William Parr ("Plaintiffs"), are now, and were at the time of service of the Complaint, and at all intervening times, citizens of the State of Wisconsin.

5. UHIC is now, and was at the time of the service of the Complaint, and at all intervening times, organized and existing under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut, and is therefore a citizen of the State of Connecticut.

## JURISDICTION

6. The United States District Court for the Eastern District of Wisconsin has subject matter jurisdiction and removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441, since this is a "civil action[] arising under the Constitution, laws, or treaties of the United States."

7. Plaintiffs seek to recover against UHIC under two causes of action: (1) breach of contract; and (2) misrepresentation. (Ex. 1, Complaint ¶¶ 10–17.)

8. Plaintiffs seek to recover against UHIC for benefits allegedly owed under a group insurance policy issued to ADP TotalSource, Inc., Group No. 1279877, made available to Plaintiffs as part of an "employee benefit plan" (the "Plan"), as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3).

9. The Plan is governed exclusively by ERISA, 29 U.S.C. § 1001 *et seq*. A true and correct copy of the Certificate of Coverage for the Plan is attached hereto as **Exhibit 2**.

10. The basis for federal question jurisdiction is that Plaintiffs' state law claims seek to challenge UHIC's benefit determinations under an employee welfare benefit plan governed by ERISA. (*See* Ex. 1, Compl. ¶¶ 3–9.) ERISA includes a comprehensive civil enforcement scheme that completely preempts any state common law or statutory causes of action falling within the scope of Section 502(a) of ERISA. 29 U.S.C. § 1132(a); *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 66 (1987). The Supreme Court has said to interpret ERISA's preemption provision broadly, as it is "deliberately expansive." *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41, 46 (1987); *see also Metro. Life Ins. v. Mass.,* 471 U.S. 724, 739 (1985).

11. As a result, Plaintiffs' claims are completely preempted by ERISA and removable to federal court. *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 214–16 (2004); *see also Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1136–37 (7th Cir. 1992) (finding claims for breach of contract preempted by ERISA); *Rud v. Liberty Life Assur. Co. of Bos.,* 438 F.3d 772, 777 (7th Cir. 2006) ("A suit to enforce a claim for benefits under an ERISA plan can be brought only under ERISA; parallel state law remedies are preempted."); *Haasl v. Leach Co.*, No. 02-C-1184, 2004 WL 1584128, at *6–7 (E.D. Wis. Feb. 17, 2004) (holding state law claims for fraud in the inducement, misrepresentation, and estoppel are preempted by ERISA).

12. The fact that Plaintiffs may plead their claims on the basis of contract or tort, and seek to recover remedies independent of ERISA, is irrelevant. Because such claims are "in reality based on federal law." *Davila*, 542 U.S. at 208 (citation omitted). As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA provide the exclusive remedies available for the allegedly incorrect denial, non-payment, or underpayment of benefits that are offered under ERISA-governed health benefit plans. *Dedeaux*, 481 U.S. at 54 (quoting *Mass. Mut. Life Ins. v. Russell*, 473 U.S. 134, 146 (1985)). The "extraordinary preemptive power" of ERISA § 502(a) is so encompassing that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Davila*, 542 U.S. at 209 (quoting *Taylor*, 481 U.S. at 65–66). Accordingly, any state law cause of action, such as those identified in the Complaint, that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.*

13. As the above-entitled action is a civil action that relates to an employee benefit plan and falls within ERISA's civil enforcement provision, this Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), without respect to the amount in controversy or citizenship of the parties. As a result, removal of this action to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446, as all rights, duties, and obligations of the parties are exclusively defined and controlled by ERISA.

14. Alternatively, The United States District Court for the Eastern District of Wisconsin has subject matter jurisdiction and removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(a), since the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive in interest and costs.

15. Plaintiffs are citizens of Wisconsin and Defendant is a citizen of Connecticut.

16. Plaintiffs' causes of action are premised on allegations that Defendant has improperly denied payment of health benefits in the amount of $59,384.05. Plaintiffs also seek all "incidental and consequential damages" and "attorneys fees." (Ex. 1, Complaint at pgs. 4-5.) The value of any fees awarded in a case through conclusion will certainly exceed the $15,615.95 delta between the amount alleged and $75,000, not even accounting for any amount attributable to "incidental and consequential damages." *See Azimi v. Ford Motor Co.*, 977 F. Supp. 847, 851 (N.D. Ill. 1996) (including incidental damages in amount-in-controversy calculation); *West Bend Elevator, Inc. v. Rhone-Poulenc S.A.*, 140 F. Supp. 2d 963, 969 (E.D. Wis. 2000) (explaining that attorneys' fees are considered in amount-in-controversy requirement if available under "contract, statute, or other legal authority")[1]. Consequently, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

17. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this matter as the amount in controversy exceeds $75,000 and the action is between citizens of different states, with Defendant not being a citizen of the forum state.

[1] Attorneys' fees are potentially recoverable under ERISA. 29 U.S.C. § 1132(g).

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the State of Wisconsin, Waukesha County Circuit Court. Further, Defendant is providing written notice of this Notice of Removal by serving Plaintiffs' counsel of record with a complete copy thereof.

19. UHIC expressly reserves its rights to assert any and all available legal defenses, including the right to assert such defenses in subsequent proceedings. Further, UHIC does not admit any allegations in Plaintiffs' Complaint.

20. WHEREFORE, UHIC hereby removes the action now pending in the State of Wisconsin, Waukesha County Circuit Court, to this Honorable Court.

Dated: November 13, 2026

*s/ Kadee J. Anderson*


Kadee J. Anderson (MN Bar No. 0389902)
Jessica L. Knox (MN Bar No. 0402431)
**STINSON LLP**
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
(612) 335-1500 / (612) 335-1657 (F)
kadee.anderson@stinson.com
jessica.knox@stinson.com


**ATTORNEYS FOR DEFENDANT UNITEDHEALTHCARE INSURANCE COMPANY**